UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Atlanta Division

| | |
|---|---|
| DELVON CUNNINGHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| HC RECOVERY, INC., | ) |
| OXFORD LAW, LLC, | ) JURY TRIAL DEMANDED |
| LEGAL PREVENTION SERVICES, | ) |
| MIDWEST FIDELITY SERVICES, LLC, | ) |
| and GS HOLDINGS, LLC. | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

STATEMENT OF THE CASE

1. Defendants HC Recovery, Inc. (hereinafter referred to as "HC Recovery"), Oxford Law, LLC ("Oxford Law"), Legal Prevention Services ("Legal Prevention Services"), Midwest Fidelity Services, LLC ("Midwest Fidelity"), and GS Holdings, LLC, ("GS Holdings") have engaged in false, deceptive, and misleading collection activities in an effort to collect an alleged debt from Plaintiff, Delvon Cunningham ("Plaintiff"), that is barred by the Georgia statute of limitations.

PARTIES

2. Plaintiff incorporates by reference all of the above-recited paragraphs as

if they were expressly set forth herein.

3. Plaintiff is an individual who resides at 80 12th Street NE, Apartment 202, Atlanta, GA 30309.

4. HC Recovery is an Oklahoma corporation having its principal place of business at P.O. Box 849, Springdale, AR 72764.

5. HC Recovery can be properly served through its Georgia registered agent at:

> CT CORPORATION SYSTEM
> 1201 PEACHTREE STREET
> ATLANTA, GA 30361

6. Oxford Law is a Pennsylvania limited liability company having its principal place of business at 311 Veterans Hwy Ste 100A, Levittown, PA 19056.

7. Oxford Law can be properly served through its registered agent at:

> 311 VETERANS HWY STE 100A
> LEVITTOWN, PA 19056

8. Legal Prevention Services is a New York limited liability company having its principal place of business at 408 Quaker Road, Unit 16, East Aurora, New York 14052.

9. Legal Prevention Services can be properly served through its registered agent at:

**EDWARD PACE**
**c/o LEGAL PREVENTION SERVICES, LLC**
**4513 S. BUFFALO ST.**
**ORCHARD PARK, NY 14127-2924**

10. Midwest Fidelity is a Kansas limited liability company having its principal place of business at 103 S. Main Street, Ottawa, Kansas 66067.

11. Midwest Fidelity can be properly served through its registered agent at:

**INCORP SERVICES, INC.**
**2000 RIVEREDGE PKWY NW, STE 885**
**ATLANTA, GA 30328**

12. GS Holdings is a New York limited liability company having its principal place of business at 11 Grace Drive, Old Westbury, New York 11568.

13. GS Holdings can be properly served through its registered agent at:

**11 GRACE DRIVE**
**OLD WESTBURY, NEW YORK 11568**

SUBJECT-MATTER JURISDICTION

14. Plaintiff incorporates by reference all of the above-recited paragraphs as if they were expressly set forth herein.

15. This action arises, in part, under 15 U.S.C.A. § 1692, *et seq.*, the Fair Debt Collection Practices Act, and, in part, under O.C.G.A. § 10-1-390, *et seq.*,

Georgia's Fair Business Practices Act.

16. As such, this Honorable Court has subject-matter jurisdiction pursuant to 28 U.S.C.A. § 1331.

JURISDICTION AND VENUE

17. Plaintiff incorporates by reference all of the above-recited paragraphs as if they were expressly set forth herein.

18. HC Recovery is an Oklahoma corporation doing business in the Northern District of Georgia and, as such, is subject to personal jurisdiction and venue in this honorable court under 28 U.S.C.A. § 1391.

19. Oxford Law is a Pennsylvania limited liability company doing business in the Northern District of Georgia and, as such, is subject to personal jurisdiction and venue in this honorable court under 28 U.S.C.A. § 1391.

20. Legal Prevention Services is a New York limited liability company doing business in the Northern District of Georgia and, as such, is subject to personal jurisdiction and venue in this honorable court under 28 U.S.C.A. § 1391.

21. Midwest Fidelity is a Kansas limited liability company doing business in the Northern District of Georgia and, as such, is subject to personal jurisdiction and venue in this honorable court under 28 U.S.C.A. § 1391.

22. GS Holdings is a New York limited liability company doing business

in the Northern District of Georgia and, as such, is subject to personal jurisdiction and venue in this honorable court under 28 U.S.C.A. § 1391.

FACTS

23. Plaintiff incorporates by reference all of the above-recited paragraphs as if they were expressly set forth herein.

24. During or prior to 2008, Plaintiff opened a credit account with CIT Bank (the "CIT Bank Credit Account").

25. CIT Bank is the original creditor in this case.

26. The CIT Bank Credit Account number is 00008402386745 (the "Account Number Ending in 6745").

27. All collection letters referenced hereinafter in this Complaint refer to a single account number: the Account Number Ending in 6745.

28. No later than September 23, 2008, Plaintiff fell behind in making payments on the Account Number Ending in 6745.

29. As a result, no later than September 23, 2008, Plaintiff was in default on the Account Number Ending in 6745.

30. Plaintiff's obligation arising as a result of being in default on the Account Number Ending in 6745 will hereinafter be referred to as the "Debt."

31. On or about September 23, 2008, Plaintiff received a letter from CIT

Bank (the "CIT Bank Letter").

32. A true and correct copy of the CIT Bank Letter is attached hereto as Exhibit 1.

33. The CIT Bank Letter referenced the Account Number Ending in 6745.

34. The CIT Bank Letter indicated that Plaintiff had "jeopardized [his] good credit by ignoring [his] contractual obligation to make [his] past due payments."

35. At no time after receiving the CIT Bank Letter on or about September 23, 2008, did Plaintiff bring the Account Number Ending in 6745 out of default.

36. The six-year statute of limitations for suing Plaintiff to collect the Debt expired no later than September 23, 2014.

37. On or about December 15, 2014, Plaintiff received a letter from Defendant HC Recovery (the "HC Recovery Letter").

38. A true and correct copy of the HC Recovery Letter is attached hereto as Exhibit 2.

39. The HC Recovery Letter referenced the Account Number Ending in 6745.

40. The HC Recovery Letter listed the "Original Creditor" as "CIT/AmeriFee."

41. The HC Recovery Letter listed a balance of $6,032.49.

42. The HC Recovery Letter indicated it was an attempt to collect a debt.

43. On or about January 21, 2015, Plaintiff received a letter from Defendant Oxford Law (the "Oxford Law Letter").

44. A true and correct copy of the Oxford Law Letter is attached hereto as Exhibit 3.

45. The Oxford Law Letter referenced the Account Number Ending in 6745.

46. The Oxford Law Letter indicated that Oxford Law represents Defendant Legal Prevention Services.

47. The Oxford Law Letter indicated the "Amount Due" was $14,606.08.

48. The amount the Oxford Law Letter stated was due was $8,573.59 more than the HC Recovery Letter indicated was due in its letter.

49. The Oxford Law Letter indicated that Defendant Legal Prevention Services was the "Current Creditor."

50. The Oxford Law Letter indicated that the "Original Creditor" was "CIT-AMERIFEE."

51. The Oxford Law Letter indicated it was an attempt to collect a debt.

52. In July or August 2015, Plaintiff received a letter from Defendant Midwest Fidelity Services (the "Midwest Letter").

53. A true and correct copy of the Midwest Letter is attached hereto as

Exhibit 4.

54. The Midwest Letter referenced the Account Number Ending in 6745.

55. The Midwest Letter indicated that Defendant GS Holdings is the "Current Creditor."

56. The Midwest Letter indicated that the "Original Creditor" was "CIT-AMERIFEE."

57. The Midwest Letter indicated that Defendant GS Holdings is the "client" of Defendant Midwest Fidelity.

58. The Midwest Letter indicated that Plaintiff's "Total Balance Due" was $14,606.08.

59. The Midwest Letter indicated it was an attempt to collect a debt.

## COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

60. Plaintiff incorporates by reference all of the above-recited paragraphs as if they were expressly set forth herein.

61. The Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA") is a federal statute providing a measure of consumer protection against abuses by, among others, third-party debt-collection agencies. 104 Am. Jur. 3d *Proof of Facts* § 1 (2008).

62. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15. U.S.C.A. § 1692(e).

63. Defendants have engaged in acts and practices that violate the FDCPA.

64. Plaintiff is and has been at all relevant times a "consumer" as that term is defined by 15 U.S.C.A. § 1692a(3).

65. Plaintiff is a natural person.

66. All Defendants in this case have pursued Plaintiff for an alleged "debt," as that word is defined by 15 U.S.C.A. § 1692a(5).

67. All Defendants are and have been at all relevant times "debt collectors," as that term is defined by 15 U.S.C.A. § 1692a(6).

68. All Defendants in this case use the United States mail in the regular collection of debts.

DEFENDANTS' LETTERS FALSELY REPRESENTED THE AMOUNT OF DEBT

69. Plaintiff incorporates by reference all of the above-recited paragraphs as if they were expressly set forth herein.

70. It is a violation of the FDCPA to falsely represent the amount of any debt. 15 U.S.C.A. 1692e(2)(A).

71. On or about December 15, 2014, Plaintiff received the HC Recovery Letter, which claimed Plaintiff's balance due on the Debt was $6,032.49.

72. On or about January 21, 2015, Plaintiff received the Oxford Law Letter, which claimed Plaintiff's balance due on the Debt was $14,606.08.

73. In July or August of 2015, Plaintiff received the Midwest Fidelity Letter, which claimed Plaintiff's balance due on the Debt was $14,606.08.

74. It cannot be correct that the Debt could be $6,032.49 on December 15, 2014, $14,606.08 on January 21, 2015, and $14,606.08 in July or August 2015.

75. The amounts of the Debt Defendants alleged Plaintiff owed in their various letters to the Plaintiff are false and, thus, are violations of the FDCPA, per 15 U.S.C.A. § 1692e(2)(A).

DEFENDANT OXFORD LAW AND DEFENDANT LEGAL PREVENTION SERVICES MADE FALSE REPRESENTATIONS REGARDING THE CHARACTER OF THE DEBT BY THREATENING TO SUE ON DEBT THAT WAS TIME-BARRED BY GEORGIA'S STATUTE OF LIMITATIONS

76. Plaintiff incorporates by reference all of the above-recited paragraphs as if they were expressly set forth herein.

77. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C.A. § 1692e.

78. It is a violation of the FDCPA to falsely represent the character of any debt. 15 U.S.C.A. 1692e(2)(A).

79. The "character" of a debt usually involves an issue of whether a debt is actually owed, or is legally enforceable. 104 Am. Jur. 3d *Proof of Facts* § 33 (2008).

80. An example of a "character" fact question includes debt collectors threatening lawsuits on a debt where the statute of limitations has expired. 104 Am. Jur. 3d *Proof of Facts* § 33 (2008).

81. Federal circuit and district courts have uniformly held that a debt collector's threatening to sue on a time-barred debt in state court to recover that debt violates 15 U.S.C.A. 1692e. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1259 (11th Cir. 2014).

82. Because the FDCPA is a remedial statute, courts construe its provisions liberally in favor of the consumer debtor. 104 Am. Jur. 3d *Proof of Facts* § 6 (2008).

83. The United States Court of Appeals for the 11th Circuit employs the "least sophisticated consumer" standard for materiality purposes under the

FDCPA. Samuels v. Midland Funding, LLC, 921 F.Supp.2d 1321, 1332 (S.D. Ala. 2013).

84. Courts evaluate misrepresentation claims based on whether the least sophisticated debtor would likely be misled by a communication. Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1033 (9th Cir. 2010).

85. The CIT Bank Letter, which Plaintiff received on or about September 23, 2008, indicated that Plaintiff was in default on the Debt.

86. At no point subsequent to receiving the CIT Bank Letter did Plaintiff make sufficient payments to bring the Debt out of default.

87. Thus, the Debt was continuously in default beginning, at the latest, on September 23, 2008, and on all dates thereafter.

88. The statute of limitations applicable to the Debt is six years from the date of default pursuant to O.C.G.A. § 9-3-24.

89. Thus, the statute of limitations for collection of the Debt via a lawsuit expired on September 23, 2014.

90. Plaintiff received the Oxford Law Letter on or about January 21, 2015 - after the statute of limitations had expired.

91. In the Oxford Law Letter, Defendant Oxford Law and Defendant Legal Prevention Services falsely represent the character of the Debt by impliedly threatening to sue Plaintiff on the Debt had Plaintiff failed to respond to said letter.

92. The Oxford Law letter indicated it was sent by "Oxford Law, LLC."

93. Although it is unknown to Plaintiff whether or not "Oxford Law, LLC" is actually a law firm, the least sophisticated consumer would be led to believe that it is a law firm.

94. The Oxford Law Letter includes the phrase "LEGAL PREVENTION SERVICES" formatted in all capital letters in two locations on the letter.

95. The least sophisticated consumer would likely believe the language "LEGAL PREVENTION SERVICES" is a threat to said consumer that should said consumer not make payments then said consumer will be sued on the alleged debt. – i.e. payment of the debt will result in the prevention of legal action.

96. Taking these facts together – that the least sophisticated consumer would likely believe the Oxford Law letter was sent by a law firm and that "LEGAL PREVENTION SERVICES" is a threat to sue absent payment of the Debt – the least sophisticated consumer would likely believe that said consumer must pay the debt in question or risk being sued and having a judgment rendered against said consumer.

97. Because the Oxford Law Letter impliedly threatened litigation on the Debt - debt that was time-barred by Georgia's statute of limitations - the Oxford Law Letter falsely represented the character of the Debt.

98. Because the Oxford Law Letter falsely represented the character of the Debt, Defendant Oxford Law and Defendant Legal Prevention Services violated the FDCPA, per 15 U.S.C.A. § 1692e (2)(A).

99. A debt collector may not use unfair or unconscionable means to attempt to collect any debt, per 15 U.S.C.A. § 1692f.

100. Under these same facts, Defendant Oxford Law and Defendant Legal Prevention Services violated the FDCPA, per 15 U.S.C.A. § 1692f.

## COUNT II: VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT – O.C.G.A. § 10-1-390, *et seq*.

101. Plaintiff incorporates by reference all of the above-recited paragraphs as if they were expressly set forth herein.

102. The Georgia Fair Business Practices Act (hereinafter referred to as the "FBPA") is a state statute, the purpose of which is to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state of Georgia. O.C.G.A § 10-1-391(a).

103. The intent of the General Assembly in passing the FBPA was to swiftly stop said unfair or deceptive practices. O.C.G.A § 10-1-391(a).

104. The FBPA shall be liberally construed and applied to promote the

statute's underlying purposes and policies. O.C.G.A § 10-1-391(a).

105. Violations of the FDCPA constitute violations of the FBPA. <u>1st Nationwide Collection Agency, Inc. v. Werner</u>, 654 S.E.2d 428, 432 (Ga. App. 2007).

106. As alleged in Count 1 of this Complaint, Defendants have violated the FDCPA, per 15 U.S.C.A. 1692e and 15 U.S.C.A. 1692f.

107. As such, Defendants have also violated the FBPA.

WHEREFORE, Plaintiff asks the Court to enter a judgment in favor of Plaintiff and against Defendants, as follows:

A. Declaring that Defendants are liable for violating the FDCPA;

B. Declaring that Defendants are liable for violating Georgia's FBPA;

D. Awarding Plaintiff for actual damages suffered, if any, which may be proven at trial;

E. Awarding Plaintiff statutory damages as set forth in the FDCPA and FBPA;

F. Awarding Plaintiff costs and attorney's fees in this matter;

G. Awarding such other relief as may be just and proper.

Respectfully submitted on 2015 November 19.

/s/ *Alex Richard Merritt*

Alex Richard Merritt
Georgia Bar No. 143308
DeWoskin Law Firm, LLC
24 Lenox Pointe, NE
Georgia 30324
Phone (404) 987-0026

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Atlanta Division

| | |
|---|---|
| DELVON CUNNINGHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| HC RECOVERY, INC., ) | |
| OXFORD LAW, LLC, ) | JURY TRIAL DEMANDED |
| LEGAL PREVENTION SERVICES, ) | |
| MIDWEST FIDELITY SERVICES, LLC, ) | |
| And GS HOLDINGS, LLC. ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1 (D), counsel hereby files with the Court this Certificate of Compliance. Plaintiff's documents were composed with Times New Roman 14-point font.

Respectfully submitted 2015 November 19.

**Counsel for Plaintiff:**

/s/ *Alex Richard Merritt*
Alex Richard Merritt
Georgia Bar No. 143308
DeWoskin Law Firm, LLC
24 Lenox Pointe, NE
Atlanta, Georgia 30324
Phone (404) 987-0026